UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
STEVEN M. DENES,

                              Plaintiff,

       -v.-                                         1:05-CV-0838
                                                               (GLS)(DRH)

GLENS FALLS HOSPITAL,

                              Defendant.
--------------------------------------------------------------------------------
APPEARANCES:

STEVEN DENES
Plaintiff, *pro se*
04-A-3002
Washington Correctional Facility
72 Lock 11 Lane
PO Box 180
Comstock, NY 12821-0180

GARY L. SHARPE, U.S. DISTRICT JUDGE

# DECISION and ORDER

**I.    Background.**

Presently before this Court is an application to proceed *in forma pauperis* and civil rights complaint filed by Steven Denes ("plaintiff" or "Denes"). Denes has not paid any fee relating to this action.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

In his *pro se* complaint Denes claims he was treated at Glens Falls Hospital in 2002. The physicians who treated him removed rocks and glass from his hand after an automobile accident. Plaintiff alleges that it has been over two years, and there are still bumps in his hand. Plaintiff seeks monetary damages. For a complete statement of

plaintiff's claims, reference is made to the entire complaint filed herein.

**II.     Discussion.**

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process.  First, the Court must determine whether the plaintiff may proceed with the action without prepaying, in full, the $250.00 filing fee.  The Court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

**(A)     Application to Proceed *In Forma Pauperis*.**

In the present case, the Court has determined that Denes' financial status qualifies him to file or "commence" this action without prepaying in full the $250.00 filing fee. However, plaintiff did not file an inmate authorization indicating his consent to pay the current filing fee.  Thus, he may not be permitted to proceed *in forma pauperis* until such time as a current authorization is filed with the Court.  Thus, at this time, plaintiff's application to proceed *in forma pauperis* will be denied as incomplete.

**(B)     Plaintiff's Claim.**

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

>  (2)     [S]hall dismiss the case at any time if the court determines that -
>
>  \*\*\*
>  (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action. *Id.*

**(1) Jurisdiction of the Court.**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. It is well established that the Court may raise the question of jurisdiction sua sponte, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

**(a)     Diversity Jurisdiction.**

Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §1332(a). The party seeking to invoke diversity jurisdiction must establish that complete diversity existed at the time the action was commenced. *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In this action plaintiff does not allege, nor does it appear from the pleadings, that there is complete diversity between the parties to this action.

**(b)     Federal Question.**

Plaintiff brought this action pursuant to 42 U.S.C. §1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

However, parties may not be held liable under this section unless it can be established that they have acted under the color of state law. *See*, *e.g.*, *Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).

In the present case, the plaintiff's complaint contains no allegations that defendant Glens Falls Hospital is a state actor. Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See*, *e.g.*, *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds,* 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*,

No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988).

Furthermore, even if the defendant were found to be a state actor, Denes' claim is grounded in medical malpractice.  Negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate; claims of malpractice or disagreement with treatment are not actionable under § 1983.  *Murphy v. Grabo*, No. 94-CV-1684 1998 WL 166840 (N.D.N.Y., Apr 9, 1998) (Pooler, D.J.).

Since plaintiff's complaint, as presented to this Court, fails to state a claim upon which relief may be granted, it must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

WHEREFORE, it is hereby

ORDERED, that leave to commence this action *in forma pauperis* is denied as incomplete as plaintiff has not submitted an inmate authorization indicating his consent to the filing fee which is currently $250.00, and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy this Order on Denes by regular mail.

IT IS SO ORDERED.

Dated:   August 17, 2005
         Albany, New York

Gary L. Sharpe
U.S. District Judge